UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

Jarvis DeWayne Hoskins　§
　§
　　　　Plaintiff,　§
　§
versus　§　Civil Action H-22-808
　§
Wendy Baker,　§
　§
　　　　Defendant.　§

## Memorandum Opinion on Dismissal

Wendy Baker has moved to dismiss the claims of Jarvis DeWayne Hoskins for lack of subject matter jurisdiction,[1] and her motion should be granted.

1.　*Background.*

Hoskins, the *pro se* plaintiff, is currently incarcerated at the Texas Department of Criminal Justice Holliday Unit in Huntsville, Walker County, Texas.[2] At the time he filed this lawsuit, he resided in Humble, Harris County, Texas.[3] Hoskins is a Texas citizen.[4]

Baker is a criminal defense attorney who resides in The Woodlands,

---

[1] [Doc. 14].

[2] [Doc. 18].

[3] [Doc. 1] at 1.

[4] *Id.* at 3.

Montgomery County, Texas.[5] Baker is also a Texas citizen.[6]

In July 2019, Baker represented Hoskins in multiple criminal matters in Harris County, Texas and Montgomery County, Texas before withdrawing from representation.[7]

On March 2, 2022, Hoskins sued Baker in this Court to recover unearned legal fees paid to Baker totaling $16,000, using the form *Pro Se Complaint for a Civil Case*.[8] Section II of the form requires the plaintiff to select the basis for federal court jurisdiction.[9] Hoskins checked federal question, but left blank the subsection for listing "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case."[10] Conversely, Hoskins did not check diversity of citizenship, yet completed the subsection for supplying facts supporting diversity of citizenship jurisdiction.[11]

2.  *Subject Matter Jurisdiction.*

This Court may hear only those cases authorized by a federal statute, the Unites State Constitution, or a United States treaty.[12] The plaintiff must overcome an initial presumption that the federal court lacks subject-matter

---

[5] *Id.* at 2.

[6] *Id.* at 4.

[7] *Id.* at 4–5.

[8] *See generally* [Doc. 1].

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.* at 3–4.

[12] *Badgerow v. Walters*, 212 L. Ed. 2d 355, 142 S. Ct. 1310, 1315–16 (2022) (citing *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994)).

jurisdiction.[13] Subject matter jurisdiction generally arises under federal-question jurisdiction or diversity of citizenship jurisdiction.

Federal-question jurisdiction exists when an action arises under the Constitution, laws, or treaties of the United States.[14] A federal court has diversity jurisdiction when the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.[15]

As Baker's motion to dismiss challenges the sufficiency of the allegations of jurisdiction, it is a facial attack, and the Court can dismiss for lack of subject-matter jurisdiction based on the complaint alone.[16] The Court accepts all material allegations in the complaint as true and construes them in the light most favorable to the nonmovant.[17] Because the complaint raises both bases for subject matter jurisdiction, federal-question jurisdiction and diversity of citizenship jurisdiction will both be addressed in turn.

### A. Federal-Question Jurisdiction.

A case arises under federal law if a well-pleaded complaint establishes that either (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.[18] Hoskins's complaint is based on services performed or to be performed

---

[13] *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001).

[14] U.S. Const. art 3, § 1; 28 U.S.C. § 1331.

[15] 28 U.S.C. § 1332(a).

[16] *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3rd Cir. 2014); *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[17] *Id.* at 356 n.12; *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1976), *overruled on other grounds, Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

[18] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *see also Singh v. Duane Morris, LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008).

exclusively in Texas.[19] This is a contract claim,[20] a state-law claim.[21] There are no implications of federal preemption or interstate commerce.[22] This case does not present a federal question, and jurisdiction does not exist on that basis.

### B. Diversity of Citizenship Jurisdiction.

Diversity of citizenship jurisdiction exists when the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.[23]

Both Hoskins and Baker are Texas citizens, and the amount in controversy is $18,000, far below the $75,000 amount in controversy requirement.[24] Therefore, there is no diversity of citizenship, and the amount in controversy requirement has not been met. Jurisdiction cannot be sustained based on diversity of citizenship.

---

[19] [Doc. 1] at 2.

[20] *Id.*

[21] *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950) (contract claims, alone, do not create federal question jurisdiction).

[22] *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 250 (5th Cir.1990) (ERISA, 28 U.S.C. § 1114, preempts state law breach of contract claims.); 28 U.S.C. § 1337 (creating federal jurisdiction over interstate commerce).

[23] 28 U.S.C. § 1332(a).

[24] [Doc. 1] at 3–6.

5. Conclusion.

The Court lacks subject matter jurisdiction to hear this dispute. As the jurisdictional defects in the complaint cannot be corrected, amendment would be futile, and dismissal is proper.[25] Jarvis DeWayne Hoskins's claims against Wendy Baker will be dismissed.[26]

Signed on October 27, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[25] *See Carolina Cas. Ins. v. Team Equip., Inc.*, 741 F.3d 1082, 1089 (9th Cir. 2014) (dismissal without leave to amend may be proper where amendment will be futile).

[26] Fed. R. Civ. P. 12(b)(1).